DARGAN M. WARE (SBN 329215)
dware@davisnorris.com
JOHN E. NORRIS*
jnorris@davisnorris.com
WESLEY W. BARNETT*
wbarnett@davisnorris.com
**DAVIS & NORRIS LLP**
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205

L. TIMOTHY FISHER (SBN 191626)
ltfisher@bursor.com
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

JOSEPH I. MARCHESE*
jmarchese@bursor.com
JULIAN C. DIAMOND**
jdiamond@bursor.com
MATTHEW A. GIRARDI**
mgirardi@bursor.com
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, Fl. 32
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163

*Attorneys for Plaintiffs*

 *pro hac vice forthcoming*
** admitted pro hac vice*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENIKA WILLIAMS, individually and as next friend of minor Plaintiff, D.K., and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>  v.<br><br><br>MOON ACTIVE LTD.,<br><br>                Defendant. | Case No. 4:25-CV-01626-YGR<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>**LEAVE TO FILE GRANTED ON FEBRUARY 3, 2026 (ECF NO. 32)** |

Plaintiff Renika Williams ("Plaintiff"), individually and as next friend of minor plaintiff D.K., respectfully submit this Memorandum of Law In Support of Their Motion for Reconsideration of Court's December 9, 2025 Order Granting Defendant's Motion to Compel Arbitration and Stay Proceedings (Dkt. No.30) ("Order").

## LEGAL STANDARD

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Awala v. Roberts*, 2007 WL 1655823, at *1 (N.D. Cal. June 6, 2007) (quoting *School Dist. No. 11 v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993)).

## ARGUMENT

The Court predicated its ruling compelling arbitration on the finding that "D.K.'s disaffirmance of 'all contracts including all obligations and benefits between herself and Defendant in their entirety' is a challenge to the Terms 'as a whole' because it 'directly affects the entire agreement' and does not single out the arbitration provision or delegation clause." Order at 8 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006)) (internal citations to D.K. Declaration omitted).

Following the Court's Order, Plaintiff sent a new letter to Defendant, attached to the Declaration of Matthew A. Girardi (filed concurrently herewith) ("Girardi Decl.") as Exhibit A. This letter explicitly disaffirms "any agreement to arbitrate any claims or issues between themself and defendant, including but not limited to the extent that any such provision is severable from any other contract, disaffirmed or otherwise." *See* Girardi Decl., Exhibit A. Plaintiff likewise explicitly disaffirmed "any agreement with Defendant to delegate questions of arbitrability to any arbitrator, including but not limited to the extent that any such provision is severable from any other contract, disaffirmed or otherwise." *Id*.

Finally, to remove any ambiguity, and "to the extent that it is at all severable from the Moon Active Terms of Service and not covered by the *supra* disaffirmations," Plaintiff specifically disaffirmed

> Section 21 of the Moon Active Terms of Service, titled "21. Dispute Resolution and Agreement to Arbitrate on an Individual Basis"[1] including but not limited to any agreement between Plaintiff and Defendant to arbitrate disputes generally, any agreement between Plaintiff and Defendant to arbitrate any "[d]ispute concerning the enforceability, validity, scope or severability of [any] agreement to arbitrate[.]"

*Id.* Plaintiff D.K., who is still a minor (*see* ECF No. 24-1 ¶ 1), may disaffirm this contract "before majority or within a reasonable time afterwards or, in case of the minor's death within that period, by the minor's heirs or personal representative." Cal. Fam. Code § 6710.

This new material fact means that, unlike previously, Plaintiff's disaffirmance arguments now explicitly "single out the arbitration provision or delegation clause." *See* Order at *8 (citing *Buckeye*). The Court, rather than an arbitrator, must thus consider this dispute. Moreover, as the Supreme Court explained in *Coinbase, Inc. v. Suski*, when a party challenges the validity of the entire contract on grounds that apply equally to the arbitration and delegation clauses, a court must resolve the challenge. 602 U.S. 143, 150–51 (2024). Indeed, no arbitrator would have jurisdiction to hear a dispute over arbitrability following Plaintiff's explicit disaffirmation of any agreement to arbitrate such disputes.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion for reconsideration and deny Defendant's motion to compel arbitration and stay proceedings.

Dated: February 4, 2026            Respectfully submitted,

           **BURSOR & FISHER, P.A.**

           By:    */s/ L. Timothy Fisher*
                   L. Timothy Fisher

           L. Timothy Fisher (State Bar No. 191626)
           1990 North California Blvd., 9th Floor
           Walnut Creek, CA 94596
           Telephone: (925) 300-4455

---

[1] https://www.moonactive.com/terms/.

Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Julian C. Diamond (*pro hac vice*)
Matthew A. Girardi (*pro hac vice*)
1330 Avenue of the Americas, Fl 32
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  jdiamond@bursor.com
            mgirardi@bursor.com

**DAVIS & NORRIS, LLP**
Dargan M. Ware (State Bar No. 329215)
D. Frank Davis (*pro hac vice* forthcoming)
John E. Norris (*pro hac vice* forthcoming)
Wesley W. Barnett (*pro hac vice* forthcoming)
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
E-mail:dware@davisnorris.com
            fdavis@davisnorris.com
            jnorris@davisnorris.com
            wbarnett@davisnorris.com

*Attorneys for Plaintiffs*