FREDRICK LEVIN (SBN 187603)
flevin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
120 Broadway 4th Floor
Santa Monica, California 90401
Telephone: (310) 633-2800
Facsimile: (310) 633-3849

BEHNAM DAYANIM (*pro hac vice*)
bdayanim@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

GREGORY D. BEAMAN (*pro hac vice*)
gbeaman@orrick.com
EDMUND R. HIRSCHFELD (*pro hac vice*)
nhirschfeld@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W. 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Attorneys for Defendant Moon Active Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENIKA WILLIAMS, individually and as next friend of minor Plaintiff, D.K., and on behalf of all others similarly situated,<br><br>                           Plaintiffs,<br><br>     v.<br><br>MOON ACTIVE LTD.,<br><br>                           Defendant. | Case No. 4:25-CV-01626-YGR<br><br>**DEFENDANT MOON ACTIVE LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Court: Room 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Complaint Filed: February 14, 2025 |

## I.    INTRODUCTION

Reconsideration is an "extraordinary remedy" reserved for "highly unusual circumstances." *Drake v. Haier U.S. Appliance Sols. Inc.*, 2024 WL 2273192, at *1 (N.D. Cal. May 20, 2024) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Plaintiffs' Motion for Reconsideration ("Motion") comes nowhere close to satisfying that exacting standard. Before this Court issued its Order compelling arbitration (ECF No. 30), Plaintiff D.K. twice purported to disaffirm the entirety of every contract with Defendant Moon Active Ltd. ("Moon Active"), including the Terms of Service that governed her gameplay. Plaintiff D.K. has now submitted a *third* letter reiterating what those prior letters already claimed and this Court already found insufficient to avoid arbitration—that her purported disaffirmance encompasses Moon Active's arbitration provision. That letter is not a "new" fact of any kind under Local Rule 7-9, let alone the sort of "material" development that might warrant the extraordinary step of reconsideration. Civ. L.R. 9(b)(2). The Court should therefore deny the Motion.

## II.    LEGAL STANDARD

Under Local Rule 7-9, "[a] motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments." *Drake*, 2024 WL 2273192, at *1 (citing Civ. L.R. 7-9(b)). "Reconsideration is an extraordinary remedy that should be granted only in 'highly unusual circumstances.'" *Id.* (quoting *Kona*, 229 F.3d at 890); *see Floyd v. 24 Hour Fitness USA, LLC*, 2024 WL 710617, at *1 (N.D. Cal. Feb. 21, 2024) (reconsideration is "to be used sparingly in the interests of finality and conservation of judicial resources" (quotation marks omitted)).

## III.    ARGUMENT

Plaintiffs offer no ground for reconsideration. When this Court issued its Order, Plaintiff D.K. had already submitted *two* letters purporting to disaffirm Moon Active's Terms of Service and all other "contracts including all obligations and benefits between herself and Defendant in

their entirety." ECF No. 23-1, Ex. B (June 4, 2025 letter); ECF No. 24-1, Ex. B (July 17, 2025 letter). Plaintiff D.K. sent the second of those letters after Moon Active filed its Motion to Compel Arbitration, which argued that an attempt to disaffirm the entire Terms of Service was a validity dispute that must be delegated to the arbitrator. *See* ECF No. 23, at 7-8. The second letter reaffirmed the broad scope of Plaintiff D.K.'s disaffirmance, "hereby re-stat[ing] that she disaffirms all contracts including all obligations and benefits between herself and Defendant [Moon Active] in their entirety to the extent that any still exist." ECF No. 24-1, Ex. B. Plaintiff D.K.'s latest letter does not purport to rescind or otherwise modify the scope of the purported disaffirmance already on record. It merely underscores that the purported disaffirmance encompasses "any agreement to arbitrate," along with every other contractual term between the parties. ECF No. 33-2, Ex. A.

Given that procedural history, Plaintiff D.K.'s latest letter does not constitute "the emergence of new material facts" within the meaning of Local Rule 7-9(b)(2), for several reasons.

To begin, it is far from clear that the moving party's **own conduct** could even qualify as a "new" fact for purposes of reconsideration. As courts have emphasized in the analogous Rule 60 context, reconsideration "is to be utilized only where extraordinary circumstances **outside of the moving party's control** exist." *In re Hyundai & Kia Fuel Econ. Litig.*, 2015 WL12747655, at *5 (C.D. Cal. Jul. 2, 2015) (quotation marks omitted, emphasis added). That is a critical boundary on reconsideration. If a party could choose to refrain from certain conduct when seeking resolution of an issue, then perform the conduct to create a ground for reconsideration, Local Rule 7-9 would open the door for all sorts of strategic sandbagging and judicial inefficiencies. Of course, Local Rule 7-9 does just the opposite: It guards against sandbagging by requiring the moving party to show that the ground for reconsideration was previously unavailable "in the exercise of reasonable diligence." Civ. L.R. 7-9(b)(1). Plaintiffs cannot make that showing. They **already** submitted an additional letter asserting Plaintiff D.K.'s disaffirmance **in response to** Moon Active's Motion to Compel Arbitration, which argued that the broad scope of the disaffirmance placed it outside the Court's jurisdiction under the FAA. That second letter could have said precisely what Plaintiff D.K.'s third letter says. Plaintiffs simply chose not to word it that way, and they cannot now invoke Local Rule 7-9 as grounds for a do-over.

On top of that, even if Plaintiff D.K.'s latest letter qualified as a "new" fact, it would not be "material" to the application of Moon Active's delegation clause. Civ. L.R. 7-9(b)(2). As the Order explained, the Supreme Court has drawn a critical "distinction between 'specific' challenges to a delegation clause, which are properly decided by a court, versus challenges to a contract 'as a whole,' which may be properly and exclusively delegated to an arbitrator." ECF No. 30, at 7 (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70-72 (2010)). Where a delegation clause reserves validity challenges for the arbitrator, the court may weigh in only if the plaintiff's challenge to validity is *specific* to the delegation clause and not of general applicability to the entire contract (as it is here). Where the plaintiff extends the very same validity challenge to the broader contract, jurisdiction under the FAA vanishes. *Rent-A-Center* illustrated this point with a counterfactual version of *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), the case where the Supreme Court delegated a plaintiff's fraudulent inducement defense to an entire contract. *Rent-A-Center* explained that "if the claim" in *Prima Paint* had been limited to "'fraud in the inducement *of the arbitration clause itself*,' then the court would have considered it." 561 U.S. at 71 (emphasis added). But once the plaintiff broadened the validity challenge by arguing that the same "alleged fraud … induced the whole contract," the Court could no longer exercise jurisdiction under the FAA. *Id.* Simply put, the breadth of a validity challenge is jurisdictionally dispositive.[1]

Under that framework, Plaintiffs already stripped this Court of any potential jurisdiction under the FAA by asserting disaffirmance as to the Terms "*in their entirety*." ECF No. 23-1, Ex. B; ECF No. 24-1 (emphasis added). As the Order soundly concluded, Plaintiff D.K.'s purported disaffirmance of all contracts with Moon Active, including the full Terms of Service, is a "defense"

---

[1] Plaintiffs are thus wrong to suggest that "when a party challenges the validity of the entire contract on grounds that apply equally to the arbitration and delegation clauses, a court must resolve the challenge." ECF No. 33-1 at 2. *Rent-A-Center* says just the opposite. And *Coinbase, Inc. v. Suski*, which Plaintiffs cite as ostensible support, addressed an entirely different issue—"who decides the arbitrability of a contract-related dispute" where the resolution of that question turned on whether a later agreement superseded an earlier one. 602 U.S. 143, 145 (2024). Indeed, *Coinbase* did not modify, but rather reaffirmed, the Supreme Court's holding in *Rent-A-Center* that "a party seeking to avoid arbitration must directly challenge the arbitration or delegation clause, not just the contract as a whole." *Id*. at 150-51; *see also S.T.G. ex rel. Garcia v. Epic Games, Inc.*, 752 F. Supp. 3d 1200, 1210 (S.D. Cal. 2024) (rejecting plaintiffs' argument that under *Coinbase*, their disaffirmance was for the court, because *Coinbase* "quotes and reiterates the holding of *Rent-A-Center*," and "[p]laintiffs' disaffirmance defense is not directed specifically to the delegation clause").

that "requires … an arbitrator" because it "challenges the enforceability or validity of the entire contract." ECF No. 30, at 6. Plaintiff D.K.'s latest letter cannot reverse any of that. It does not purport to rescind or narrow the prior disaffirmance of all contracts with Moon Active. Nor could it. *See Levy v. Mass. Accident Co.*, 2 A.2d 341, 351 (N.J. Ch. 1938) ("an election of affirmance or disaffirmance once made is final and conclusive"); Hunter's Modern Law of Contracts § 2:3 (2026) ("A disaffirmance is final; the minor cannot subsequently rescind the disaffirmance."). Instead, the letter merely points out that Plaintiff D.K.'s broad purported disaffirmance encompasses the "agreement to arbitrate," along with every other contractual term. ECF No. 33-2, Ex. A. That does not transform disaffirmance into a validity defense fit for judicial resolution, just as the broad fraudulent inducement defense in *Prima Paint* did not become justiciable merely because the plaintiff noted that it also encompassed arbitration provision. No surprise, then, that Plaintiffs cannot point to a single disaffirmance case that granted reconsideration in similar circumstances.

Indeed, the Order already rejected this sort of argument by ruling that the outlier decision in *J.R. v. Electronic Arts Inc.*, 98 Cal. App. 5th 1107 (2024), is not "persuasive." ECF No. 30, at 7. The plaintiff there, like Plaintiff D.K., purported to broadly disaffirm "the entirety of any … contract or agreement" with the defendant. 98 Cal. App. 5th at 1116. The court noted that because this disaffirmance applied to "every single" contractual provision between the parties, it ***encompassed*** (without singling out) the "delegation provision." *Id.* On that basis alone, *J.R.* ruled that the plaintiff's disaffirmance defense adequately targeted "the validity of the delegation provision" for FAA purposes and declined to send it to the arbitrator. *Id.* at 1117 (quoting *Rent-A-Center*, 561 U.S. at 73). As the Order explained, that was a legal error. By asking merely whether the broad disaffirmance defense ***encompassed*** the delegation clause, *J.R.* "did not apply *Rent-A-Center's* distinction between 'specific' challenges to a delegation clause, which are properly decided by a court, versus challenges to a contract 'as a whole,' which may be properly and exclusively delegated to an arbitrator." ECF No. 30, at 7 (quoting *Rent-A-Center*, 561 U.S. at 70-72). Plaintiffs make the same mistake here by asking the Court to decide their disaffirmance defense merely because Plaintiff D.K.'s latest letter underscores that the defense encompasses (but is not

limited to) the delegation clause. The Order correctly diagnosed that error, and there is no reason to revisit its sound ruling.

## IV.    **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Reconsideration.

Dated: February 11, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Behnam Dayanim*
    BEHNAM DAYANIM (*pro hac vice*)

*Attorneys for Defendant Moon Active Ltd.*