**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RENIKA WILLIAMS,** | **Case No.: 4:25-CV-01626-YGR** |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| **MOON ACTIVE LTD.,** | Re: Dkt. No. 33 |
| Defendant. | |

Pending before the Court is plaintiff's motion for reconsideration of the Court's order granting defendant's motion to compel arbitration and stay proceedings pursuant to Civil Local Rule 7-9. (Dkt. No. 33.) Having carefully considered the papers submitted in support and opposition, and for the reasons set forth below, the Court hereby **DENIES** the motion.[1]

## I.    BACKGROUND

The Court granted defendant's motion to compel arbitration and stay proceedings on December 9, 2025 (Dkt. No. 30 ("MTC Order")) after finding the following: *First*, minor plaintiff D.K. validly entered into a contract ("Terms") to play defendant's mobile game Coin Master. *Second*, the delegation clause in the Terms explicitly delegates disputes over the contract's enforceability and validity to an arbitrator. *Third*, D.K.'s letters disaffirming "all contracts including all obligations and benefits between herself and Defendant in their entirety" constituted a challenge to the Terms as a whole and not to the arbitration or delegation clauses, specifically. *Fourth*, the parties' dispute over D.K.'s alleged disaffirmance of the Terms as a whole was properly subject to arbitration under the Terms' delegation clause.

In so ruling, the Court distinguished between "'specific' challenges to a delegation clause, which are properly decided by a court, versus challenges to a contract 'as a whole,' which may be properly and exclusively delegated to an arbitrator." (*Id.* at 7 (citing *Rent-A-Ctr., W., Inc. v.*

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument.

*Jackson*, 561 U.S. 63, 70–72 (2010).) The Court also relied on the Ninth Circuit's finding "that a contract 'where one party was an infant' is 'voidable,' and thus any dispute seeking to '*avoid* or *rescind*' such a contract is properly decided by an arbitrator when that 'dispute is within the scope of [the contract's] arbitration agreement.'" (*Id.* at 8 (quoting *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1140 (9th Cir. 1991) (emphasis in original)).)

D.K. now seeks reconsideration of the Court's order on the grounds set forth in a letter to defendant's counsel dated January 15, 2026. Therein, D.K. makes three main points: *One*, she "disaffirms any agreement to arbitrate any claims or issues between themself and defendant, including but not limited to the extent that any such provision is severable from any other contract, disaffirmed or otherwise." (Dkt. No. 33-2.)  *Two*, she "disaffirms any agreement with Defendant to delegate questions of arbitrability to any arbitrator, including but not limited to the extent that any such provision is severable from any other contract, disaffirmed or otherwise." (*Id.*)  *Three*, she "specifically disaffirms Section 21 of the Moon Active Terms of Service . . . including but not limited to any agreement between Plaintiff and Defendant . . . to arbitrate any '[d]ispute concerning the enforceability, validity, scope or severability of [any] agreement to arbitrate[.]'" (*Id.* (quoting section 21 of the Terms).)

## II.    LEGAL STANDARD

In general, reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). This is consistent with this Court's Local Rule 7-9(b) which requires both reasonable diligence and one of the following:

> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

2

**(2)** The emergence of new material facts or a change of law occurring after the time of such order; or

**(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Here D.K. proceeds under subsection (2).[2]

### III.   ANALYSIS

D.K. argues that the Court should reconsider its prior order compelling arbitration on the grounds that her January 15, 2026 letter constitutes a "new material fact [which] means that, unlike previously, Plaintiff's disaffirmance arguments now explicitly 'single out the arbitration provision or delegation clause.'" (Dkt. No. 33-1 at 2 (quoting MTC Order).) For support, D.K. cites *Coinbase, Inc. v. Suski*, 602 U.S. 143, 150–51 (2024), for the proposition that "when a party challenges the validity of the entire contract on grounds that apply equally to the arbitration and delegation clauses, a court must resolve the challenge." (*Id.*)

Defendant opposes on two grounds. *First*, defendant argues that D.K.'s January 15, 2026 letter is not a "new" fact because it is the product of D.K.'s own conduct after the order issued, contravening the purpose of Local Rule 7-9 to prevent sandbagging and judicial inefficiencies. *Second*, defendant argues that the letter is not "material" because D.K. cannot rescind her prior disaffirmance of the Terms as a whole. Thus, any purported additional, specific challenge to the arbitration or delegation clauses does not change the analysis under *Rent-A-Center* and its progeny. On reply, D.K. concedes that she has not rescinded her prior disaffirmance of the Terms as a whole.

The Court addresses defendant's second argument only because it is dispositive. In short, D.K. misconstrues dicta in *Coinbase* by asking the Court to elevate the verbiage of her new letter over the basis of her challenge, which remains applicable to the Terms as a whole. This approach does not accord with Supreme Court and Ninth Circuit precedent.

---

[2] The Court notes that the granting of permission to brief a motion for reconsideration based on a proffer of "new facts" does not suggest a finding on the merits; it merely allows for briefing. Plaintiff appears to think otherwise.

3

United States District Court
Northern District of California

As an initial matter, *Coinbase*'s holding was narrowly limited to the issue of whether a court must decide if a second agreement supersedes a first agreement to arbitrate. *Coinbase*, 602 U.S. at 152. The Court expressly stated that it did not decide "that the severability principle is implicated here," so its statements as to that principle are dicta. *Id.* at 150.

In any event, although the Court in *Coinbase* stated that the severability "rule does not require that a party challenge *only* the arbitration or delegation provision" and that a court must decide challenges that apply "equally to the whole contract and to an arbitration or delegation provision," the Court did not elaborate on what qualifies as an "equal" challenge to an arbitration or delegation provision that implicates the severability rule. *Id.* at 151 (emphasis in original) (internal quotation marks omitted). Moreover, the Court did not modify or overrule *Rent-A-Center*.

In *Rent-A-Center*, the Court held that even when a challenge applies "equally" to a contract as a whole and its delegation clause, the law "nonetheless require[s] the *basis* of challenge to be directed specifically to the agreement to arbitrate before the court will intervene." 561 U.S. at 71 (emphasis supplied). For instance, the Court said that a challenge of "fraud in the inducement of the arbitration clause itself" would be sufficient to confer jurisdiction to the court. *Id.* The Court went on to analyze whether the respondent's challenge in that case—unconscionability—was to the contract as a whole or to the delegation clause, specifically, by analyzing both its framing and substance. *Id.* at 72–75. For example, the Court noted that the respondent's opposition to the motion to compel arbitration did not "even mention the delegation provision" (*id.* at 72), but it also analyzed at length whether the respondent's unconscionability arguments were specific to the delegation provision and expressly found that they were not. *See id.* at 73 ("This one-sided-coverage argument clearly did not go to the validity of the delegation provision."), 75 ("The point of this argument, of course, is that the Agreement *as a whole* is unconscionable under state law." (emphasis in original)). Thus, despite respondent's argument on appeal that he "opposed the motion to compel on the ground that the *entire arbitration agreement,* including the delegation clause, was unconscionable," the Court concluded that the contract's delegation clause validly delegated resolution of his unconscionability defense to an arbitrator. *Id.* at 73, 76 (emphasis in original).

4

United States District Court
Northern District of California

The same is true here with respect to D.K.'s disaffirmance defense. Even with the new letter, the "basis" for D.K.'s challenge remains to the Terms as a whole. *See* 561 U.S. at 71. The only difference now is that D.K. claims to have expressly voided the arbitration and delegation clauses *in addition* to the Terms that encompass them. Even if true, the Ninth Circuit has held that parties may properly delegate disputes over "voidable" contracts—including "where one party was an infant"—to an arbitrator. *Three Valleys*, 925 F.2d at 1140. In her motion for reconsideration, plaintiff does not proffer any new facts or changes in law that render the basis of her challenge specific to the arbitration or delegation clauses. The new letter does not transform her wholesale challenge to the Terms into a specific challenge to the arbitration and delegation clauses just because she says so, especially when she maintains her disaffirmance of the Terms as a whole on exactly the same grounds.

Although neither the Supreme Court nor Ninth Circuit have ruled on a case involving alleged disaffirmance of a delegation clause on minority grounds, the Sixth Circuit has declined to find that such a defense was specific to a delegation clause merely because plaintiffs said so. After analyzing *Rent-A-Center*, the court found:

> [A] party's mere statement that it is challenging the delegation provision is not enough; courts must look to the substance of the challenge. Here, plaintiffs' infancy defense affects the validity or enforceability of "the whole contract," as well as the agreement to arbitrate and its delegation provision, which are "part of that contract." *See Rent-A-Center*, 561 U.S. at 71, 130 S.Ct. 2772. As such, plaintiffs were required to show that "*the basis of [their] challenge* [is] directed specifically" to the "delegation provision." *Id.* at 71-72, 130 S.Ct. 2772 (emphasis added). They have failed to do so as they have simply recycled the same arguments that pertain to the enforceability of the agreement as a whole. Therefore, plaintiffs' infancy defense is for an arbitrator to decide.

*In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 885–86 (6th Cir. 2021). This reasoning is persuasive and on-point.

Because D.K.'s January 15, 2026 letter does not constitute "newly discovered evidence" that materially changes the Court's finding that an arbitrator must decide D.K.'s disaffirmance defense,

the Court declines to reconsider its order granting defendant's motion to compel arbitration. *See Kona Enters.*, 229 F.3d at 890. The motion for reconsideration is **DENIED**.

This order terminates Docket No. 33.

**IT IS SO ORDERED**.

Date:    4/10/2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

6